IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,            )
                                     )
               Plaintiff,            )
                                     )
     v.                              )     No.  04 CR 907
                                     )
ARISTEED CANNON,                     )
                                     )
               Defendant.            )

MEMORANDUM ORDER

Following the June 30, 2005 conviction of Aristeed Cannon ("Cannon") on a drug charge after a jury trial, this Court denied alternative post-trial motions by Cannon's counsel for a judgment of acquittal and for a new trial as "wholly without merit." Next Cannon himself filed unsuccessful pro se motions seeking (1) a jury determination as to the type of drug involved (crack cocaine vel non) and (2) the revocation of this Court's post-conviction detention order imposed pursuant to 18 U.S.C. §3143(a)(2).

Then on September 6 Cannon (again acting pro se) filed a document captioned "Motion for Evidentiery (sic) Hearing" to address "the issue of the validity of the Defendant's stipulation during his trial, as to drug type"--once again essaying to attack the identification of the controlled substance at issue as crack cocaine. According to Cannon's Motion at 2:

> Defendant Cannon, was never made aware of the consequences of the stipulation to drug type, and there is a question, which only a proper inquiry of the court can answer, such as whether defendant Cannon was sufficiently addressed as to the rights that he surrendered as a result of signing the stipulation.

For the reasons stated here, Cannon's motion is denied and he will be sentenced (as previously scheduled) on September 30.

For one thing, the government's Response at 2-3 is entirely correct in questioning the procedural posture of Cannon's motion. If it is viewed as a second motion for a new trial, it is clearly out of time under Fed. R. Crim. P. ("Rule") 33(b)(2). And Cannon has not identified, nor does this Court see, any other potential basis for the motion.[1]

But that aside, the motion fails on its substantive merits (or, more accurately, lack of merit). In that respect this case is startlingly parallel to United States v. Johnson, 396 F.3d 902 (7th Cir. 2005), in which a defendant also challenged a determination that the drug involved in his offense was crack cocaine, based on a stipulation between defendant and his counsel on the one hand and the government on the other. What the Court of Appeals said there could well have been written for this case (id. at 904 (numerous citations omitted)):

> [United States v. Garrett, 89 F.3d 610 (7th Cir. 1999)] does not require a sentencing court to engage in a colloquy with a defendant before relying on a stipulation that the drug involved in the offense was crack. Defendants regularly stipulate to facts at trial that will increase their sentence if they are

---

[1] What Cannon advances is clearly not "newly discovered evidence" that could qualify for timely relief under Rule 33(b)(1). And as for any potential for post-conviction relief under 28 U.S.C. §2255, that is currently unavailable because Cannon is not yet in custody pursuant to a sentence imposed by this Court.

found guilty. And plea agreements routinely include stipulations of facts relevant to sentencing. We have never required district judges to engage in a colloquy with defendants concerning the voluntariness of stipulations or the sentencing implications of the stipulated facts before sanctioning a sentencing court's reliance on the undisputed facts. And <u>Garrett</u> does not create a special rule for stipulations concerning crack.[2]

In short, no evidentiary hearing is called for. Cannon's motion is denied, and the scheduled September 30 sentencing will go forward.



Milton I. Shadur
Senior United States District Judge

Date: September 20, 2005

---

[2] [Footnote by this Court] As always, the stipulation in Cannon's case that the controlled substance was crack cocaine was not only in writing, signed by Cannon as well as his counsel, but was read aloud to the jury--with the prosecutor reading the signatures aloud as well as the stipulation itself. Any contention that Cannon was assertedly unaware of the nature of the stipulation is simply empty.